■ MICHELE CWIAKALA, Respondent, v ALEXANDER LALONE et al., Defendants, and AMICA MUTUAL INSURANCE COMPANY et al., Appellants. — Appeals from an order of the Supreme Court at Special Term (Harvey, J.), entered October 18, 1982 in Fulton County, which denied motions for summary judgment by defendants Amica Mutual Insurance Company and Allstate Insurance Company. In this declaratory judgment action, plaintiff seeks a

declaration that one Scott Spencer is an insured under policies of automobile insurance issued by defendants Amica Mutual Insurance Company and Allstate Insurance Company to Scott Spencer's mother and stepfather, respectively, and that pursuant to these policies, the above companies are liable to plaintiff for any money damages awarded to plaintiff in excess of the coverage provided by an insurance policy issued by the Insurance Company of North America (INA) for injuries allegedly sustained in a June, 1979 motor vehicle accident. Plaintiff alleges that the above-mentioned accident was the result of the negligence of Scott Spencer in the operation of an automobile owned by Linda J. Stangle and insured by INA. In addition, plaintiff contends that at the time of the accident, Scott Spencer was a resident of the household of his mother and stepfather and thus is an additional insured under the provisions of the insurance policies issued by said defendants. In due course, defendant insurance companies made separate motions for summary judgment on the ground that their policies did not provide coverage to Scott Spencer for the June, 1979 accident since, *inter alia,* the automobile which he was operating at the time of the accident was not a "non-owned" automobile.[*] Special Term found that a factual issue was presented with respect to the ownership of the motor vehicle driven by Scott Spencer and the instant appeals ensued. In our opinion, summary judgment should have been granted as the documentary evidence submitted by defendant insurance companies conclusively shows that although the subject motor vehicle was registered under the name of Linda J. Stangle, it was owned by Mr. Spencer. Indeed, the registration application lists Scott Spencer as the owner and, on February 15, 1979, Scott Spencer completed a Department of Motor Vehicles form entitled "Authorization for Registration [of motor vehicle] in Name other than the Owner". Further evidence of Mr. Spencer's ownership of the automobile is found in the fact that on January 29, 1979, the title to the automobile was transferred to Spencer, and on that date he registered the vehicle in his own name. Moreover, the transfer of title to Mr. Spencer is also reflected in the Department of Motor Vehicles form entitled "Acknowledgement of Purchase of Motor Vehicles" completed by Mr. Spencer on January 29, 1979. This being the case, absent any documentary evidence of a subsequent transfer, Mr. Spencer, as a matter of law, must be deemed the owner of the vehicle in question (see Vehicle and Traffic Law, §§ 2114, 2113). The order should, therefore, be reversed and defendants' motions for summary judgment granted. Order reversed, on the law, without costs, motions granted, and it is declared that defendant insurance companies are not liable to plaintiff for any money damages obtained by plaintiff in excess of coverage provided by INA. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.

---

[*] It is undisputed that in order for Scott Spencer to be covered by the Allstate Insurance Company or Amica Mutual Insurance Company policy, he could not own the automobile he was operating at the time of the accident.