■ WESTCHESTER FIRE INSURANCE COMPANY, Appellant, v DINA L. CANCELENO et al., Respondents. [664 NYS2d 829] —In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Dina Lee Canceleno in connection with certain underlying actions arising out of an automobile accident, the plaintiff appeals, as limited

by its brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated December 30, 1996, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Dina Lee Canceleno in connection with the underlying actions arising out of an automobile accident occurring on August 6, 1993.

This action arises from an automobile accident which occurred on August 6, 1993. The defendant Dina Lee Canceleno, who was driving one of the automobiles involved in the accident, made a claim against insurance policies issued by the plaintiff insurance carrier Westchester Fire Insurance Company (hereinafter Westchester Fire) to her parents on the ground that she was an authorized driver of a "non owned" automobile under the policies. Westchester Fire denied coverage and commenced the instant action seeking a judgment declaring that it was not obligated to defend or indemnify Canceleno because she owned the vehicle that she was operating at the time of the accident and, thus, it was not a covered vehicle under her parents' insurance policies. The Supreme Court, *inter alia*, denied the plaintiff's motion for summary judgment, finding that an issue of fact existed as to the ownership of the vehicle in question. We now reverse.

The documentary evidence submitted by Westchester Fire conclusively shows that the subject vehicle was owned by Canceleno. Indeed, the certificate of title indicated that ownership of the subject vehicle was transferred to Canceleno on March 29, 1993, and the "Vehicle Registration/Title Application" listed Canceleno as the owner. As the defendants have failed to offer any evidence of a subsequent transfer, Canceleno must be deemed to be the owner of the vehicle in question (*see, Cwiakala v Lalone*, 97 AD2d 632). Accordingly, Westchester Fire is under no duty to defend or indemnify Canceleno in connection with the accident, and its motion for summary judgment should have been granted. Thompson, J. P., Pizzuto, Joy and Florio, JJ., concur.